UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RAMON PRUDENCIO, §
TDCJ #732321 §
    Petitioner, §
VS. § CIVIL ACTION NO. 4:16-CV-2476
§
LORIE DAVIS, §
§
    Respondent. §

## MEMORANDUM AND ORDER

### I.    INTRODUCTION

The petitioner, Ramon Prudencio, seeks a writ of habeas corpus by this out-of-time writ pursuant to 28 U.S.C. § 2254. He alleges that due to ineffective assistance of appellate counsel, he was not timely notified of his right to seek a petition for discretionary review in state court or file a habeas petition after the Fourteenth Court of Appeals affirmed his murder conviction. The respondent has answered the petitioner's habeas corpus petition and seeks summary judgment, contending that the petition is time barred under 28 U.S.C. § 2244(d). After a careful review of the documents on file, the record, and the applicable law, the Court determines that the respondent's motion for summary judgment should be granted, and the petitioner's case should be dismissed.

### II.    FACTUAL BACKGROUND

The petitioner challenges his continued custody that is based on a murder conviction out of the 174th District Court of Harris County, Texas [Cause No. 9422106]. On September 14, 1995, a jury found the petitioner guilty and the court sentenced him to life imprisonment and assessed a $10,000 fine. On October 16, 1997, the Fourteenth Court of Appeals of Texas affirmed the petitioner's conviction. *See Prudencio v. State*, No. 14-95-01103-CR, 1997 Tex.

App. LEXIS 5424 (App.—Houston [14th Dist.] Oct. 16, 1997). The petitioner alleges that he did not file a timely petition for discretionary review in the Texas Court of Criminal Appeals ("TCCA") because he was waiting for his attorney to notify him of the final disposition of his appeal. Six years later, on June 20, 2003, the petitioner requested information from the Fourteenth Court of Appeals regarding the final disposition of his case. He also forwarded a letter to his attorney seeking information on the final disposition of his appeal.

The petitioner contacted the State Bar of Texas concerning his attorney's handling of his appeal. On June 25, 2013, the State Bar of Texas notified the attorney that the petitioner had contacted them concerning his representation. Counsel responded to the petitioner's inquiry about the status of his case stating that the delay was due to the petitioner's family request for new counsel.

On or about December 27, 2014, the petitioner filed an application for a state writ of habeas corpus seeking an out-of-time petition for discretionary review. On September 24, 2015, the attorney provided an affidavit to the state court stating that he had adequately assisted the petitioner, and he had not deviate from his customary practice and procedure. The state court denied the relief requested by the petitioner. On November 4, 2015, the TCCA also denied the petitioner's request for relief. Finally, on August 4, 2016, the petitioner filed the instant federal habeas petition. The respondent now moves for a summary judgment on the petitioner's request for out-of-time relief.

## III.   CONTENTIONS OF THE PARTIES

The petitioner contends that his Sixth Amendment right was violated because he was denied effective assistance of counsel on appeal. He alleges that he was never notified by his attorney that his conviction had been affirmed, or of his right to seek discretionary review or file

a habeas petition. Additionally, the petitioner alleges for the first time in his memorandum in support of his habeas petition, that both his procedural and substantive due process rights have been violated. Accordingly, the petitioner requests that this Court grant his out-of-time petition for habeas relief.

The respondent contends that the petitioner's conviction became final on or about January 28, 1998; thus, his federal petition was due no later than January 28, 1999. The respondent maintains that through the exercise of diligence the petitioner could have learned of the outcome of his direct appeal, or of his right to file a petition for discretionary review. The respondent also contends that even if the applicable limitation period did not begun to run until 2003, when the petitioner first wrote to his attorney, his current petition would still be untimely as it would have been due by June of 2004.

Finally, the respondent avers that the petitioner has not demonstrated a case for equitable tolling because he has neither pursued his rights diligently nor established that some extraordinary circumstance stood in his way, preventing him from timely filing his petition. Accordingly, the respondent argues that it is entitled to a summary judgment on the petitioner's claims.

## IV. STANDARD OF REVIEW

This federal habeas corpus proceeding is governed by the Antiterrorism and Effect Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). According to the AEDPA, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The Supreme Court has recognized that the "AEDPA's purpose [is] to further the principles of comity, finality, and

federalism." *Williams v. Taylor*, 529 U.S. 420 436 (2000); *Duncan v. Walker*, 533 U.S. 167, 178 (2001). The statute of limitations found in 2244(d)(1) "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179.

The AEDPA was designed to "streamline and simplify" the federal habeas system in order to reduce the "interminable delays" and "shameful overloading" that had resulted from "various aspects of …habeas corpus jurisprudence. *Pace v. DiGuglielmo*, 544 U.S. 408, 427 (2005) (citing *Hohn v. United States*, 524 U.S. 236, 264-265, 141 L. Ed. 2d 242, 118 S. Ct. 1969 (1998)). The AEDPA's statutory limitations period may be tolled for statutory and equitable reasons. *See Lawrence v. Florida*, 549 U.S. 336 (2005), 127 S. Ct. 1079; *Pace* 544 U.S. at 418, n. 8, 125 S. Ct. 1087, 161 L. Ed. 2d 669 (2005). The doctrine of equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). However, the AEDPA "statute of limitations defense … is not 'jurisdictional'." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)). Additionally, it does not set forth "an inflexible rule requiring dismissal whenever" its "clock has run." *Id*. at 208.

The AEDPA sets forth a one-year limitation for filing a federal habeas corpus petition that may be tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. *Pace* 544 U.S. at 410. It was previously made clear that a nonjurisdictional federal statute of limitations is normally subject to a "rebuttable presumption" in favor "of equitable tolling." *Holland*, 560 U.S. at 645, 646 (citing *Irwin v. Dep't. of Veteran Affairs*, 498 U.S. 89, 95-96 (1990)). In the case of the AEDPA, the presumption's strength is reinforced by the fact that "equitable principle" have traditionally

"governed" the substantive law of habeas corpus. *Id*. at 646. The petitioner is "entitled to equitable tolling" only if the petitioner shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in is way and prevented timely filing. *Holland* 560 U.S. at 649.

V.     **DISCUSSION**

In the instant case, the petitioner challenges a state court conviction that was entered on September 14, 1995, by the 174th District Court of Harris County, Texas. When a state court judgment is at issue, the statute of limitations for federal habeas begins to run, pursuant to 28 U.S.C. § 2244(d)(1)(A), "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Supreme Court has held that a state conviction is "final" under the AEDPA when there is no further "availability of direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 685 (2009) (quoting *Caspari v. Bohlen*, 510 U.S. 383 390 (1994)). The petitioner's conviction was affirmed on direct appeal on or about October 16, 1997, and there is no evidence that the petitioner sought further review in state court. The petitioner had a one-year period within which to file his federal petition. Failing, his petition is untimely by some nineteen years and is time-barred unless an exception applies.

The petitioner excuse for the delay is that he was not informed about the final disposition of his appeal by his attorney. However, there is no evidence of "self-help" on the part of the petitioner. In essence, there is no evidence that the petitioner exercised due diligence. He has not demonstrated that he pursued his rights diligently or, that some extraordinary circumstance stood in his way and prevented him from timely filing his petition. The petitioner bears the burden of demonstrating due diligence in order to access equitable tolling. *Alexander*, 294 F.3d

at 629. In this regard, the petitioner has wholly failed. Therefore, the petitioner untimely writ of habeas corpus should be and it is hereby DISMISSED.

## VI. CERTIFICATE OF APPEALABILITY

Petitioner has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully considered each of the petitioner's claims. While the issues raised are clearly important and deserving of the closest scrutiny, this court finds that each of the claims is foreclosed by clear, binding precedent. This Court concludes that under such precedents, the petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so Ordered.

SIGNED on this 29th day of June, 2017.

Kenneth M. Hoyt
United States District Judge